UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Ericka L. Allen,<br><br>Plaintiff,<br><br>v.<br><br>Federal Express Corporation, a Delaware corporation,<br><br>Defendant. | ) | Court File No. 00-CV-648 JMR/FLN<br><br>**CONFIDENTIALITY AGREEMENT AND ORDER** |

The parties, through their respective counsel of record, hereby stipulate and request that the Court order as follows:

1. The parties involved in this litigation may designate as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth in Paragraphs 2, 3 and 4. For the purpose of this Confidentiality Agreement and Protective Order, the designations "CONFIDENTIAL" and "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall have the same meaning. Such designations shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement and Protective Order.

2. Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by any party stamping or writing the words "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the writing.

FILED DEC 07 2000

3. Any party may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter. Portions of any deposition designated "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" are to be filed with the Clerk of Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to the Protective Order of the Court. These portions shall remain sealed until further order of the Court." Whenever any writing designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" is identified as an exhibit in connection with testimony given in this litigation, it shall be so marked and separately filed under seal with the Clerk of Court.

4. Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" specific responses to interrogatories or to any specific request for admissions by labeling the specific response "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

5. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Clerk of the Court. The party asserting "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" treatment of any writing, testimony, information or material can waive the requirements of this Confidentiality Agreement and Protective Order with respect to such writing, testimony, information or material. The party seeking to file such writing, testimony, information or

material but avoid the requirement of filing under seal may seek waiver of the filing under seal requirement. The party asserting "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" treatment shall have the right to enforce the filing under seal requirement, but may also waive the filing under seal requirement with respect to any specific writing, testimony, information or material and any waiver will not be deemed a general waiver of the requirements of this Confidentiality Agreement and Protective Order.

6. Except upon prior written consent of the party asserting "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" treatment or upon further order of this Court, documents, testimony, information or material designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties (including house counsel and co-counsel) and employees of said counsel who are assisting in the prosecution or defense of this litigation;

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or officers or employees of the respective parties; and

(d) Potential witnesses.

7. No party shall, for herself or itself or for any person or persons acting on his, her or its behalf, make more copies of any "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT

TO PROTECTIVE ORDER" information or material than are reasonably necessary to conduct this litigation.

8. Except as otherwise provided for in this Protective Order, all "CONFIDENTIAL" and "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

9. If any party objects to the designation of any document, testimony, information or material as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER," he or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" treatment initially assigned to it and provided for in this Protective Order.

10. Should any party hereto seek to utilize any "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" document, testimony, information or material at trial, (s)he or it shall meet with counsel for the other parties hereto in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

11. Upon termination of this litigation, all copies of "CONFIDENTIAL" and "CONFIDENTIAL-SUBJECT TO A PROTECTIVE ORDER" documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party.

12. This Protective Order may be modified or amended by agreement of the parties or by further Order of the Court for good cause shown.

Date: 11-16-00

Paul J. Lukas
NICHOLS KASTER & ANDERSON
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

**ATTORNEY FOR PLAINTIFF**

Date: 11-21-00

David Jordan-Huffman (#271576)
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402-1609
(612) 607-7000

Michael J. Vint, Esq.
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38125
(901) 434-8552

Martin K. LaPointe, Esq.
BURKE, WARREN, MACKAY & SERRITELLA, PC
One IBM Plaza, 22nd Floor
330 North Wabash Avenue
Chicago, Illinois 60611-3607
(312) 840-7000

**ATTORNEYS FOR DEFENDANT**

**IT IS SO ORDERED:**

Dated: Dec. 6, 2000

BY THE COURT:

By: Franklin L. Noel

Franklin L. Noel
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.